COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bumgardner


PAULA RIPLEY

MEMORANDUM OPINION*

v.   Record No. 2879-99-2                PER CURIAM
                                      APRIL 25, 2000
CHARLOTTESVILLE DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

(Michael T. Hemenway, on brief), for
appellant.

(Lisa R. Kelley, Deputy City Attorney, on
brief), for appellee.


Paula Ripley appeals the decision of the circuit court terminating her parental rights to her children, Charles and Marion.  Ripley contends that the trial court erred by (1) finding that the Charlottesville Department of Social Services (DSS) presented clear and convincing evidence satisfying the requirements of Code § 16.1-283; (2) failing to require evidence that DSS explored less drastic alternatives and finding that Ripley failed to cooperate with services provided; and (3) denying Ripley's motion for a continuance.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

_____

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests."  Logan v. Fairfax County Dep't of Human Development, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family."  Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted).  "'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'"  Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted).  The trial judge's findings, "'when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  Id. (citation omitted).

## Code § 16.1-283(B)

The court found that DSS presented clear and convincing evidence sufficient under Code § 16.1-283(B).  That section provides that the residual rights of a parent of a child found to be neglected or abused may be terminated if the court finds,

-

by clear and convincing evidence, that it is in the best interests of the child and that

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

Prima facie evidence of the conditions set out in subsection (B)(2) include proof that

> a. The parent . . . [is] suffering from a mental or emotional illness or mental deficiency of such severity that there is no reasonable expectation that such parent will be able to undertake responsibility for the care needed by the child in accordance with his age and stage of development; [or]
>
>    *     *     *     *     *     *     *
>
> c. The parent . . . without good cause, [has] not responded to or followed through with appropriate, available and reasonable rehabilitative efforts on the part of social, medical, mental health or other rehabilitative agencies designed to reduce, eliminate or prevent the neglect or abuse of the child.

Code § 16.1-283(B)(2).

-

The trial court found that DSS proved by clear and convincing evidence that it was in the children's best interests to terminate Ripley's parental rights. The children were adjudicated as neglected in 1995 and placed in foster care. At that time, Charles was six years old and displayed serious behavioral and emotional problems, including fire setting, aggression, emotional avoidance, and inappropriate sexual behavior. At the time of the termination hearing, Charles continued to have serious emotional issues. He suffered from depression and had expressed thoughts of suicide. Marion was five when she was taken into foster care. She was developmentally delayed and suffered from severe attention deficit hyperactivity disorder. Her behavior was so dangerous and destructive that she required constant supervision. At the time of the hearing, Marion's chronological age was nine but she had limited communication skills and continued behavioral problems.

The trial court found that between 1989 and 1995 DSS and at least eighteen agencies provided rehabilitative services to the family in an effort to remedy the children's neglect and to assist Ripley in developing good parenting skills. Nonetheless, the evidence demonstrated that despite the numerous services provided, Ripley was unable or unwilling to provide the extensive care and supervision required by the children. She was unable to maintain Marion's schedule of medication or successfully control her behavior. She inappropriately allowed Charles to assume a caretaking role towards her. Her sporadic visitation with him

-

left him emotionally upset.  Evidence indicated that Ripley

functioned at a limited intellectual level and failed to

comprehend the depth of the children's needs.  Doctor Thomas

Collins, a licensed clinical psychologist, testified that for the

children to be returned to Ripley's care safely would require

> a lot more than just . . . a couple times a
> week counseling.  I think you're talking
> about really intensive work with someone in
> the home a considerable period of time to
> help with . . . handling problems as they
> developed.

Ripley separated from her husband in 1997 after he was charged

with a felony sexual assault against a child for whom she was

caring.  At the time of the hearing, Ripley was divorced.

Despite the extensive services provided to the family for

over nine years, the evidence presented at the hearing proved that

Ripley's limitations as well as the children's extraordinarily

high needs established that there was no reasonable expectation

that Ripley could provide the care needed by these children.

Therefore, because evidence supports the trial court's finding

that DSS met the statutory requirements of Code § 16.1-283 by

clear and convincing evidence, we find no error.

### Less Drastic Alternative

Ripley also contends on appeal that the trial court erred in

failing to consider a less drastic alternative than termination of

her parental rights.  Ripley failed to note with any specificity

-

what less drastic alternative was available but left untried by DSS.

Despite the years of training, counseling and other services provided in an effort to strengthen and reunite the family, the uncontroverted evidence proved that Ripley could not parent these children without daily intensive assistance. Evidence in the record demonstrated that the continual upheaval in the lives of the children was particularly difficult for the children and clearly not in their best interests. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming . . . responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). Therefore, we find this contention to be without merit.

### Denial of Continuance

On the scheduled hearing date of September 13, 1999, Ripley's appointed counsel sought a continuance on the ground that, although he had reviewed the file, he had only met with Ripley that morning, despite having sent two letters to her last known address notifying her of his appointment. Counsel proffered that Ripley did not receive these letters. Ripley did not testify.

Evidence presented during the hearing indicated that Ripley contacted DSS during this period when she was interested in visitation, but that DSS had no means to initiate contact with her. Following entry of the juvenile and domestic relations

-

district court termination order on February 5, 1999, the circuit court hearing was continued from April 1999 due to the previously appointed counsel's conflict of interest.  No evidence indicated that Ripley was unaware of the significance of the hearing or was unable to meet with her attorney in the months after his appointment.  Based on the totality of the circumstances, we find no abuse of discretion in the trial court's refusal to grant another continuance in this matter.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>